## (April 21, 1966)

■ In the Matter of IRVIN FENDEL, Petitioner, v. MICHAEL J. MURPHY et al., as Trustees of the Police Pension Fund, Respondents.— The order of the Police Commissioner, dated December 29, 1964, dismissing the petitioner from the Police Department of the City of New York upon finding the petitioner guilty of charges as appears in said order, unanimously modified to the extent of reversing the finding of guilty of charge number 13 and finding the petitioner not guilty thereof and as so modified, the order is confirmed with the exception that the matter is remitted to the Police Commissioner to make a new determination with respect to the measure of punishment in the light of the aforesaid modification of said order, without costs and disbursements. With respect to specification 13 which charged petitioner with having solicited a retainer from a Police Lieutenant, the hearing officer reported that the acts of the petitioner constituted solicitation amounting to "a criminal act". That finding was approved by the Police Commissioner. There was no conflict in the testimony before the hearing officer with respect to the manner in which the retainer was obtained and we conclude that the evidence does not support such finding. The conduct of the

petitioner does not amount to a criminal act nor even improper solicitation within the meaning of the Canons of Ethics. Since there is nothing in the record to indicate what weight was given to the finding of the hearing officer that the petitioner was guilty of a crime and because there is some question as to whether the Police Commissioner was in a position to arrive at an informed decision in view of the fact that the minutes had not yet been transcribed, the matter is remitted to the Police Commissioner for reconsideration of the measure of punishment in the light of this opinion. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.